IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARET CONNELLY, ) | |
| ) | |
| Plaintiff, ) | Case No. 19-cv-07894 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| COOK COUNTY, ILLINOIS, an Illinois ) | |
| Municipal Corporation, and Cook County ) | |
| Assessor FRITZ KAEGI, Individually, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of plaintiff Margaret Connelly's termination from the Cook County Assessor's Office. Plaintiff filed this complaint against defendants Cook County the municipality and Fritz Kaegi, individually, for wrongfully terminating her in violation of her First Amendment rights under 42 U.S.C. § 1983. Plaintiff's complaint also asserts a claim pursuant to *Monell v. Department of Social Services* against Cook County. 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Defendants move to dismiss the complaint for failure to state a claim. For the reasons set forth below, defendants' motion is granted in part without prejudice and denied in part.

**Background**

The Court takes the following facts from plaintiff's complaint as true for purposes of the motion to dismiss. During the 2010 election for Cook County Assessor, plaintiff Margaret Connelly distributed campaign materials and served as a poll watcher for Joseph Berrios. In June 2011, after Berrios won the election, plaintiff was hired as the Executive Assistant to former Director of Residential Valuation of the Cook County Assessor's Office, Alfonso Sarro. During her tenure at the office, plaintiff volunteered at several fundraisers for Berrios. Kaegi unseated Berrios in the 2018 Democratic primary election and ultimately won the election for Cook County Assessor.

Kaegi was sworn into office on December 3, 2018. On or around December 3, 2018, defendants gave plaintiff a memo terminating her employment. Around the same time, Sarro was transferred to a different department as the Director of Special Properties.

On January 3, 2019, an article quoted Kaegi as stating that he terminated employees whose employment was exclusively because of nepotism. Kaegi's chief communication officer also stated that anyone linked to nepotism was no longer in the office. On January 23, 2019, Kaegi released a report again noting that on his first day in office, he terminated employees who had obtained their job purely through favoritism or nepotism.

Defendants move to dismiss the complaint for failure to allege a specific Cook County policy to state a *Monell* claim, Cook County's inability to be held liable for Kaegi's actions, failure to plead Kaegi was aware of plaintiff's political affiliation, Kaegi's entitlement to qualified immunity, improperly asserting Section 1983 claims under the First Amendment, and failure to exhaust administrative remedies.[1]

**Legal Standard**

When considering a Rule 12(b)(6) motion, the Court accepts all the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

---

[1] Plaintiff filed her response three weeks after the deadline to do so passed, failed to move the court for extension of time, and did not acknowledge her mistake in any briefing. Regardless, the Court has considered her response in its decision.

**Analysis**

*Defendants' Threshold Arguments*

Defendants argue that *Shakman v. Democratic Organization of Cook County* required plaintiff to report her claim of unlawful political discrimination to the Office of the Independent Inspector General, Director of Compliance, or Assessor Compliance Administrator, but that plaintiff did not do so and thus failed to exhaust her administrative remedies. 310 F. Supp. 1398 (N.D. Ill. 1969). Defendants further suggest that the Court can dismiss a complaint for failure to exhaust if such failure "is so clear from the face of the complaint that the filing is frivolous." *Walker v. Thompson*, 288 F.3d 1005, 1011-12 (7th Cir. 2002). Plaintiff argues that she was not required to follow the *Shakman* requirements because the assessor's complaint form for unlawful political discrimination notes that a victim "may seek relief in accordance with…*Shakman*…or by pursuing a claim under applicable law." Dkt. 25-1, pg. 2.

Here, the failure to exhaust administrative remedies is not so clear from the face of the complaint as to warrant dismissal. The complaint form clearly allows potential victims to choose whether they want to follow the procedures set forth in *Shakman* or whether they want to pursue a claim under applicable law. Under the assessor's own form, the plaintiff is not required to report her claim to the OIIG, DOC, or ACA. Further, failure to exhaust is an affirmative defense that plaintiffs do not need to plead around at the motion to dismiss stage. *See, e.g., Craftwood II, Inc. v. Generac Power Systems, Inc.*, 920 F.3d 479, 482 (7th Cir. 2019).

Defendants also argue that the complaint should be dismissed because plaintiff improperly asserts a Section 1983 political discrimination claim under the First Amendment. They suggest that plaintiff is attempting to circumvent the requirements of a Section 1983 claim by directly invoking the First Amendment, citing to *Allen v. City of Chicago*, 828 F. Supp. 543, 563 (N.D. Ill. 1993) and *Strauss v. City of Chicago*, 614 F. Supp. 9, 10 (N.D. Ill. 1984). But plaintiff is entitled to assert First

3

Amendment violations under Section 1983. In fact, Section 1983 specifically exists to allow claims, including constitutional ones, against officials. There is no independent Section 1983 right. This circuit and this court routinely hear Section 1983 claims for First Amendment violations. *See Santana v. Cook County Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012); *see also Nelson v. Board of Education, Country Club Hills School District 160*, 292 F. Supp. 3d 792 (N.D. Ill. 2017). Plaintiff's complaint does not independently allege First Amendment violations. Defendants may, and do, challenge whether Plaintiff has sufficiently alleged a Section 1983 claim, but plaintiff is well within her rights to assert a First Amendment violation under Section 1983.

*Whether the Qualified Immunity Defense Applies*

Defendants suggest that Kaegi should be dismissed from the complaint because he is protected under the doctrine of qualified immunity. To defeat the defense of qualified immunity, (1) the plaintiff must set forth facts that, when viewed in her favor, constitute a constitutional violation, and (2) the right was "clearly established" at the time of the alleged constitutional violation. *Siddique v. Laliberte*, 972 F.3d 898, 902–03 (7th Cir. 2020). Here, defendants argue that the plaintiff has not identified a violation of a constitutional right.

Plaintiff specifically alleges that defendants violated the First Amendment, which "forbids government officials from discharging employees based on their political affiliation." *Hanson v. LeVan*, 967 F.3d 584, 588 (7th Cir. 2020) (citing *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 64, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990)). "[F]or some government jobs, political affiliation is an appropriate position requirement," *Hanson*, 967 F.3d at 588, but that is not the situation here. In any event, plaintiff has sufficiently alleged a First Amendment political association claim under the federal pleading standards. She alleges that she worked for Kaegi's rival, Berrios's office, starting in 2011, specifically for the director of residential valuation. She further alleges that before and after she worked for Berrios, she volunteered at approximately fourteen of his fundraisers. She also states

4

that once Kaegi was sworn into office, he terminated the employees at the assessor's office who Berrios had hired or were known to politically associate with Berrios. These allegations plausibly allege that Kaegi terminated her employment based on her political affiliation. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That Kaegi knew of her political affiliation can be inferred from plaintiff's numerous fundraising and political activities during the primary election pitting Berrios against Kaegi. Also, Kaegi had personal involvement in the alleged constitutional deprivation because plaintiff alleges that he tendered her a memo terminating her employment.

As to the second element of qualified immunity, it has been clearly established for decades that "dismissal of a public employee on the basis of political affiliation violates the employee's First Amendment rights." *Hanson*, 967 F.3d at 592 (citing *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976)). Kaegi's arguments that he fired plaintiff based on nepotism and favoritism are best left for summary judgment because, at this juncture, the Court must view plaintiff's allegations and all reasonable inferences as true.

*Whether Cook County is Liable for Kaegi's Actions*

Defendants argue that *respondeat superior* liability only applies to county employees and not independent county officers. Defendants specify that the Cook County Assessor, Kaegi, is an independently elected official that is not subject to Cook County's control. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) (finding that sheriffs are independently elected officials not subject to the control of Cook County). Plaintiff argues that to plead municipal liability for a *Monell* claim, she need only show that her constitutional injury was caused by a person with final policymaking authority. Plaintiff further argues that she has alleged that Kaegi was the final policymaker for Cook County.

5

Plaintiff's arguments are erroneous and unsupported. Plaintiff provides no support for her bare allegation that Kaegi is the final policymaker for Cook County. Kaegi is plausibly the final policymaker for the Cook County Assessor's Office. However, this complaint is brought against Cook County the municipality, not the Cook County Assessor's Office. Further, it is well established in this circuit that a county cannot be held liable under *Monell* Section 1983 claims for the actions of independently elected officials not subject to their control. *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995); *see also Bergquist v. Milazzo*, 2020 WL 757902 at *5 (N.D. Ill. 2020) (Blakey, J.). The relevant inquiry is whether Cook County the municipality has the authority to hire and fire employees from the Cook County Assessor's Office. It does not. The Cook County Assessor and the Cook County Assessor's Office are responsible for employee decisions. Just as sheriffs are independently elected officials responsible for their office, the assessor is an independently elected official responsible for their office. The assessor answers to the electorate, not to the Cook County Board of Commissioners. Accordingly, defendant's motion is granted without prejudice and Cook County is dismissed from the entirety of the lawsuit.

**Conclusion**

The Court grants in part and denies in part defendant's motion to dismiss [20]. Cook County is dismissed as a named defendant to this lawsuit. The Court grants plaintiff leave to file an amended complaint identifying the proper Cook County entity. The Court denies the remainder of defendant's motion.

IT IS SO ORDERED.

Date: March 22, 2021   Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge